CASTLEMAN v. HALL, Commissioner of Insurance and Banking. (No. 1592.)

(Court of Civil Appeals of Texas. El Paso. March 13, 1924.)

Banks and banking ⬪15—Stockholder of insolvent bank held entitled to recover only amount of deposit in excess of par value of stock.

A stockholder of an insolvent bank, on the stock of which a 100 per cent. assessment was levied by the banking commissioner, under Rev. St. arts. 552, 459, *held* entitled to recover from the depositors' guaranty fund, as a depositor, only so much of his deposit therein as exceeded the full par value of his stock.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by J. W. Castleman against Ed. Hall, Commissioner of Insurance and Banking. Judgment for defendant, and plaintiff appeals. Affirmed.

John W. Hill, of Breckenridge, for appellant.

McCartney, Foster & McGee, of Breckenridge, for appellee.

HARPER, C. J. Appellant brought this suit against the commissioner of insurance and banking to recover $1,000 from the depositors' guaranty fund of Texas, alleging that it was an insured, noninterest-bearing deposit in the Breckenridge State Bank, taken over by the commissioner for the purpose of liquidation; that his claim was duly filed for $11,448.92, but that the commissioner approved the claim for $1,000 less, or $10,448.92.

The commissioner answered that the plaintiff was a stockholder in the said bank owning 10 shares of the capital stock of the par value of $100 each; that the bank was insolvent, had been closed by him, and that it had become necesssary, and that he had assessed the plaintiff the full par value of his stock, or $1,000; that the assessment was due and unpaid, and that, as he had the lawful right to do, it was deducted from plaintiff's claim against the guaranty fund; that he tendered a check to plaintiff for $10,448.92 in full settlement of the claim, and that same was received and cashed, and the money used by him.

Plaintiff by supplemental petition denied that he was a stockholder in the defendant bank, and denied that he accepted the amount of the check in full settlement, etc.

The cause was submitted to a jury upon special issues, and resulted in judgment for defendant that plaintiff take nothing, from which an appeal is perfected.

The pleadings, evidence, and findings of the trial court reveal the following facts:

The Farmers' & Merchants' State Bank of Breckenridge was duly organized in 1919, with a capital stock of $40,000.00. J. W. Castleman, appellant, acquired five shares of its stock. January, 1920, by charter amendment, the capital stock of this corporation was increased to $250,000, and the name changed to the Breckenridge State Bank & Trust Company, and in the latter company Castleman took 20 additional shares, making his total holdings 25 shares of the par value of $100 each. The trial court finds that: In April, 1921, said corporation amended its charter, by changing its name to the Breckenridge State Bank of Breckenridge, Tex., surrendered its powers as a trust company, and its savings department, and reduced its capital stock to the sum of $100,000. This reduction was made for the purpose of taking care of losses that had been incurred in said bank. Then it finds that said Breckenridge State Bank was duly closed and taken in charge by the commissioner for liquidation, and that by virtue of articles 552 and 459, Revised Civil Statutes, the commissioner levied an assessment of 100 per cent. upon the stock of the Breckenridge State Bank, and notice given plaintiff to pay his assessment in the sum of $1,000, same being based upon his ownership of 10 shares of the capital stock of said bank.

The propositions urged for reversal of this case are the same as this day passed upon and overruled in cause No. 1593. Crowley v. Chapman, 259 S. W. 231, to which we refer for our reasons for overruling the assignments and affirmance.

Affirmed